| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 13-00218-JFW (SHx)** | Date:  January 11, 2013 |

Title:   Hagop Kevork Nalbandian, et al. -v- Cal-Western Reconveyance Corporation, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

    On January 11, 2013, Plaintiffs Hagop Kevork Nalbandian and Liana Vardanyan ("Plaintiffs") filed a Complaint in this Court against Defendants Cal-Western Reconveyance Corporation and PNC Bank, N.A. (collectively "Defendants"), alleging that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1332(a). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).

    Plaintiffs have failed to allege the citizenship of any of the Defendants and thus have not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  Moreover, it is clear that the Court lacks subject matter jurisdiction over this action because the parties are not completely diverse.  Plaintiffs are citizens of California, as alleged in their Complaint.  *See* Complaint at ¶ 1. Although Plaintiffs have failed to allege Defendant Cal-Western Reconveyance Corporation's state of incorporation or principal place of business, based on recent case law, Cal-Western Reconveyance Corporation is a citizen of California.  *See, e.g., Osorio v. Wells Fargo Bank*, 2012 WL 1909335, at *3 (N.D. Cal. May 24, 2012) ("There is no dispute, however, that defendant Cal-Western Reconveyance Corporation is a citizen of California . . . .").

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.